## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 3:18-CR-0321** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DERRICK ANTONIO HALL** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court are Defendant Derrick Antonio Hall's ("Hall") Motion for Out-of-Time Appeal and Motion to Appoint Counsel [Doc. No. 63] and Motion to Withdraw Plea of Guilty [Doc. No. 65].

Hall has filed a Notice of Appeal [Doc. No. 64]. Additionally, Hall has a retained attorney of record who has not withdrawn. Therefore,

**IT IS ORDERED THAT** Hall's Motion for Out-of-Time Appeal and Motion to Appoint Counsel [Doc. No. 63] are **DENIED AS MOOT**.[1]

With regard to Hall's Motion to Withdraw Plea of Guilty, withdrawal of guilty pleas is governed by Federal Rule of Criminal Procedure 11(d) and (e). Rule 11(d) provides that a defendant may withdraw a plea of guilty *before sentencing* if he shows any "fair and just" reason for the withdrawal. FED. R. CRIM. P. 11(d) (emphasis added); *United States v. Powell,* 354 F.3d 362, 370 (5th Cir. 2003). After sentencing, however, the standard changes. In particular, Rule 11(e) provides as follows:

---

[1] If Hall contends that his retained counsel no longer represents him or that he cannot afford representation on appeal, then his retained counsel should file a motion to withdraw and Hall should file the appropriate motion and financial documents to obtain appointed counsel.

> (e) Finality of a Guilty or Nolo Contendere Plea. *After the court imposes sentence, the defendant may not withdraw a plea of guilty* or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

FED. R. CRIM. P. 11(e) (emphasis added).

This rule, which was adopted in 2002, "addresses the finality of a guilty or nolo contendere plea after the court imposes sentence. The provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." FED. R. CRIM. P. 11(e) 2002 Amendment Comments; *see also McClure v. Ashcroft,* 335 F.3d 404, 413 (5th Cir. 2003) (stating that Rule 11(e) "reinforces the finality of accepted guilty pleas and makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed"). Since the adoption of Rule 11(e), the Fifth Circuit has held that a "post-sentencing motion to withdraw [a Defendant's] guilty plea [is] unauthorized and without jurisdictional basis." *United States v. Vasquez,* No. 04-50351, 121 Fed. App'x. 17, 18, 2004 WL 2980066 at *1 (5th Cir. Dec.17, 2004) (citing *United States v. Cook,* 670 F.2d 46, 48 (5th Cir. 1982)). Accordingly,

**IT IS FURTHER ORDERED** that Hall's Motion to Withdraw Plea of Guilty [Doc. No. 65] is **DENIED**.

Monroe, Louisiana, this 9th day of October, 2019.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**