# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 3:18-CR-00321** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DERRICK ANTONIO HALL** | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

Before the court is a motion for copies of documents [doc. # 80] filed by defendant Derek Antonio Hall.[1] Hall seeks the following: (1) evidentiary hearing transcript, briefing, and rulings; (2) sentencing hearing transcript; (3) police report; and (4) discovery package. *Id.*

Hall previously filed a similar motion. [doc. # 66]. On October 10, 2019, the undersigned denied Hall's request for two reasons: (1) he had neither a pending § 2255 petition nor a pending appeal and (2) he did not provide any reason why his attorney is unable to provide him with the desired documents. [doc. # 69]. On October 11, 2019, Hall's attorney withdrew. [doc. # 71]. On October 17, 2019, Betty Marak was appointed as counsel for purpose of appeal. [doc. # 72]. Hall has appealed to the Fifth Circuit.

In his motion, Hall asks the Court to provide him with his requested materials because (1) he has no family support and (2) his previous counsel was dismissed because he was so ineffective. [doc. # 80].

If a defendant is represented by counsel on appeal who has access to the trial transcript on file in the clerk's office, there is no constitutional requirement that the defendant be provided with

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

physical custody of a copy of the transcript. *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973)(citing *United States v. Fay*, 230 F. Supp. 942, 948 (S.D.N.Y 1964). Hall is represented by counsel, who will be writing his appellate brief. There is no reason he cannot obtain the files he seeks from her. Nor does he allege he is being unlawfully deprived of borrowed copies of the records and files in his case. *See Bennett v. United States*, 437 F.2d 1210, 1211 (5th Cir. 1971). Thus, he is not entitled to free copies.

For the foregoing reasons,

Defendant's motion for production of documents [doc. # 80] is hereby DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 9th day of December 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE