# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NUMBER 3:18-cr-0321** |
| **vs.** | * | **JUDGE TERRY A. DOUGHTY** |
| **DERRICK ANTONIO HALL** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is a Writ of *Habeas Corpus Ad Subjiciendum*[1] [Doc. No. 82] filed by Defendant Derrick Antonio Hall ("Hall"), *pro se.*

On October 7, 2019, Hall filed a Notice of Appeal [Doc. No. 64]. On October 11, 2019, this matter was referred to the Office of the Federal Public Defender for assignment of appeal counsel. [Doc. No. 71]. On October 17, 2019, notice was filed that Betty L. Marak was appointed to represent Hall for purpose of appeal in this matter. [Doc. No. 72]

On December 9, 2019, the Court received the pending Writ of *Habeas Corpus Ad Subjiciendum* [Doc. No. 82] filed by Hall, *pro se;* however, Hall's case is still on direct appeal, and he is represented by counsel.

The Court must consider whether it has subject matter jurisdiction over Hall's § 2255 motion. "[A] criminal defendant may not collaterally attack his conviction until it has been

---

[1] A writ of *habeas corpus ad subjiciendum* is a "writ directed to someone detaining another person and commanding that the detainee be brought to court.—Usu[ally] shortened to *habeas corpus.*" Black's Law Dictionary (10th ed.2014). *Habeas corpus* itself is defined as "a writ employed to bring a person before a court, most frequently to ensure that the person's imprisonment or detention is not illegal (*habeas corpus ad subjiciendum* )." *Id.* The two terms are thus interchangeable. *See Kilgore v. Lynch*, 15-2063, 2016 WL 1054520 n. 2 (W.D. La. March 14, 2016). Therefore, the Court construes Hall's *writ of habeas corpus ad subjiciendum* as a 28 U.S.C. § 2255 motion.

affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)). As is the case here, when a movant seeks § 2255 relief while a direct appeal is pending, the motion is not ripe for consideration and must be dismissed for lack of jurisdiction. *See Risby v. Wendt*, No. 3–04–CV–0291–R, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004), *rec. adopted*, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004) (construing application for writ of habeas corpus as a § 2255 motion and dismissing case for lack of jurisdiction because underlying criminal conviction was on appeal); *United States v. Norwood*, No. 7–06–CV–187–R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing § 2255 motion as "premature" where direct appeal was pending). The Court has no jurisdiction over Hall's § 2255, so long as his direct appeal is pending.

In such a situation, Hall's § 2255 motion should be dismissed without prejudice to refiling after resolution of the direct appeal. *See, e.g., United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004). A review of the docket conclusively shows that Hall's § 2255 has been filed during the pendency of his direct appeal. As his direct appeal may render his § 2255 motion moot, the Court finds Hall's § 2255 must be dismissed without prejudice to later re-filing. Accordingly,

**IT IS ORDERED** that Defendant Derrick Antonio Hall's Writ of *Habeas Corpus Ad Subjiciendum* [Doc. No. 82] is dismissed without prejudice to his right to resubmit upon resolution of his direct appeal.

Monroe, Louisiana, this 12th day of December, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE