## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  3:18-CR-00321** |
| | **CIVIL NO. 3:21-CV-04028** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DERRICK ANTONIO HALL** | **MAGISTRATE JUDGE HAYES** |

### RULING

Pending before the Court is Defendant Derrick Antonio Hall's ("Hall") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 112]. Hall based his motion on ineffective assistance of counsel. Upon review of the entire record, the Court has determined that this matter can be decided without an evidentiary hearing. For the following reasons, the Court denies his motion.

## I.     FACTUAL AND PROCEDURAL HISTORY

On July 20, 2018, Hall parked a Buick LeSabre ("Buick") at a Texaco station on Desiard Street in Monroe, Louisiana. He left the engine running and loud music playing while he went inside the station store.

A few minutes later, two Monroe Police Department Officers, Tim Antley and Jesse Huckaby, arrived at the station in separate vehicles. Officer Antley approached a man drinking a beer in front of the store. When Officer Huckaby exited his patrol car, he observed that the Buick sat idling and unattended, and he heard the loud music coming from the Buick. He stood a few feet away and waited for the driver to return.

Hall soon left the station store, walked to the Buick, and sat in the driver's seat. Officer Huckaby followed Hall to the vehicle. As he did so, he smelled marijuana, and the odor became

stronger as he walked closer to the Buick. Officer Huckaby then observed a clear plastic bag of suspected marijuana in the Buick's inside driver door. Officer Huckaby removed the marijuana from the vehicle and continued to detain Hall. Officer Huckaby advised Hall of his Miranda rights and began preparing a ticket for possession of marijuana.

Officer Rakeida Brothers arrived at the scene, and Officer Huckaby requested that she search the vehicle. Hall denied consent to search, but Officers Huckaby and Antley advised him they did not need his consent because they already found marijuana inside the vehicle. During a search of the vehicle, Officer Brothers uncovered a Glock handgun with an extended magazine containing 24 rounds of 9mm ammunition.  Hall was then formally arrested. The handgun was determined to have been stolen.

Hall is a convicted felon.  He was convicted of carrying a firearm on school property in Louisiana in 2001 and was sentenced to three years imprisonment.  Also, he was convicted of distribution of cocaine in Louisiana in 2004 and was sentence to five years imprisonment.

On November 28, 2018, a federal grand jury returned a single-count indictment charging Hall with Possession of Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) [Doc. No. 1].  On December 3, 2018, Hall made his Initial Appearance with retained Attorney Dion Young [Doc. No. 8].  On December 6, 2018, Hall appeared for a Detention Hearing and Arraignment with Mr. Young and entered a plea of not guilty [Doc. No. 13].

Hall filed a motion to suppress in which he challenged the initial stop by the officer and subsequent search of the car. The Magistrate Judge conducted an evidentiary hearing on Hall's motion to suppress on April 11, 2019 and issued a Report and Recommendation which recommended that the motion be denied on April 15, 2019 [Doc. No. 36]. After no objections were filed, the Court adopted the Report and Recommendation on April 30, 2019 [Doc. No. 37].

On June 18, 2019, Hall entered a conditional guilty plea to the one count indictment pursuant to a plea agreement, reserving his right to appeal the adverse ruling as to his motion to suppress [Doc. No. 47].  Sentencing was set for October 2, 2019 [*Id.*].

However, on September 23, 2019, Hall filed a *pro se* motion to withdraw his plea of guilty, which was also set for hearing on October 2, 2019 [Doc. No. 54].  On September 24, 2019, Hall filed a pro se letter/motion stating his motion to withdraw plea of guilty had been filed by mistake and that he wished to withdraw that motion [Doc. No. 56].  On September 25, 2019, the Court granted Hall's request to withdraw his motion to withdraw plea of guilty [Doc. No. 57].

On October 2, 2019, Hall was sentenced to 108 months imprisonment.

On October 8, 2019, Hall filed a pro se motion to withdraw plea of guilty, which the Court denied [Doc. Nos. 65, 67]. On October 10, 2019, Mr. Young filed a motion to withdraw as Hall's attorney, which was granted [Doc. Nos. 70, 71].

Hall filed a pro se appellate brief.  On January 7, 2021, the United States Court of Appeals for the Fifth Circuit affirmed the denial of the motion to suppress as well as Hall's sentence.  Hall's claim of ineffective assistance of counsel was not considered.  The decision was entered into the district court record on February 18, 2021 [Doc. No. 107].  Hall filed the pending § 2255 motion timely on November 19, 2021 [Doc. No. 112]

The issues are briefed, and the Court is prepared to issue a ruling.

## II.    LEGAL STANDARDS

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable

on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379

(5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003) the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504. See *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual

5

prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

## III.    ANALYSIS

Hall contends that his attorney was ineffective in handling the motion to suppress.  Hall first argues that instead of raising meritless claims, his attorney should have raised the issue that the search of the vehicle violated the Fourth Amendment because he did not give consent and that once the officer issued a summons, the search could not proceed without Hall's consent. Hall further argues that his attorney was ineffective for failing to investigate the identity of a passenger, whose exit from the car and departure from the scene of the incident he states were captured on the videos introduced at the motion to suppress hearing.  He asserts that the gun belonged to the passenger.

The Court notes that, at the time of his guilty plea, Hall stated under oath that he was satisfied with his attorney's performance. (Guilty Plea Tr. 5). The plea agreement signed by Hall further provided that he was "satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case." [Doc. No. 49, p. 4]. The transcript and the plea agreement also demonstrate the plea was voluntary. [Guilty Plea Tr. 16; Doc. No. 49, p. 4; Doc. No. 49-1, 2].

6

The Court will nevertheless examine Hall's claims on the merits.

### A.      Failure to Raise Fourth Amendment Claim

Hall contends that, in the motion to suppress, his attorney incorrectly shifted the Court's attention to whether the stop was clearly justified at its inception.  Hall asserts that his attorney should have been aware that the case law clearly provides that an unoccupied idling vehicle and loud music are in fact enough evidence for an officer to reasonably believe that some sort of illegal activity is occurring.  Hall further asserts that his attorney should have been aware that the case law provides that the smell of marijuana is sufficient to establish probable cause.

Hall argues that, instead of basing his motion to suppress on these legally foreclosed arguments, his attorney should have instead based it on the failure to obtain Hall's consent to search after the officers had begun the citation writing process.  Therefore, his attorney was ineffective, according to Hall.

Hall cites the case of *Knowles v. Iowa*, 525 U.S. 113 (1998), for the proposition that the officer could not search the car because he was issuing a citation. In *Knowles*, an officer who stopped a car for speeding issued the defendant a ticket for speeding and conducted a "search incident to citation." The officer issued a summons and proceeded to search the car without consent or probable cause and found marijuana. In rejecting the application of the "search incident to an arrest" analysis to the issuance of a ticket, the Supreme Court found that the Fourth Amendment had been violated.

The Court finds that *Knowles* does not apply here. Unlike the officer in *Knowles*, as stated in the report and recommendation and in the Fifth Circuit opinion, regardless of lack of consent, the officer had probable cause to search the car once he smelled marijuana. Doc. No. 36; Doc. No. 107, p. 2).  As stated by the Fifth Circuit:

> After observing Hall exit the gas station and approach the vehicle, the officer pursued and smelled an increasingly strong scent of marijuana as he approached the vehicle. Upon smelling the marijuana, the officer had "additional reasonable suspicion" to detain Hall, *United States v. Estrada* , 459 F.3d 627, 630-31 (5th Cir. 2006), and probable cause to conduct a warrantless search of the vehicle, *United States v. McSween*, 53 F.3d 684, 686-87 (5thCir. 1995).

[Doc. No. 107, p. 2]. Such probable cause did not exist in *Knowles*. Furthermore, *Knowles* addressed search incident to citation not an automobile exception to the search warrant applicable here.

Accordingly, the Court finds that Hall's attorney was not ineffective for failing to raise a meritless claim.

**B.      Failure to Investigate**

Hall next argues that his attorney was ineffective for failing to investigate the identity of the passenger who exited from the car and departed from the scene. As indicated above, Hall asserts that the gun belonged to the passenger.

The standard for ineffective assistance claims regarding investigation from *Strickland* are as follows:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 691. However, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). *See also United States v. Goodley*, 183 F. App'x 419, 423 (5th Cir. 2006) ("Because

Goodley did not provide sufficient detail about what the foregone investigations might have revealed or how they might have altered the outcome of his trial, the district court correctly concluded that he failed to show that these foregone investigations met the performance component of the *Strickland* test."); *Bryant v. Scott*, 28 F.3d at 1419 n. 13 ("We do not hold that the performance prong of *Strickland* always requires interview of every claimed eyewitness, alibi witness, and/or assertedly exculpating criminal co -participant. These matters ultimately depend on the overall context of the case."); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (holding that defendant failed to show "what this investigation would have divulged or why it would have been likely to make any difference in his trial or sentencing").

The Court finds that the investigation by Hall's attorney was not ineffective. The record shows that Hall was aware of the identity of the passenger. In the recorded jail house calls, he stated that he told "home boy" to wait. [Doc. No. 31, p. 8). In the affidavit attached to this motion, he refers to the passenger as "Big Boy." [Doc. 112-4, p. 2). Hall was aware of the passenger's identity and could have provided that information to his attorney for further investigation.

Additionally, the transcript of the detention hearing as well as the "Supplemental Notice of Intent to Introduce Other Acts Evidence" filed by the government provide that after his arrest for the instant offense, Hall made calls to his girlfriend, which were recorded. He instructed her to claim that the gun belonged to her. [Doc. No. 41; Detention Hr'ng Tr. 9]. When she was interviewed by law enforcement, she stated that the gun did not belong to her but rather to the defendant and that the defendant always carried a gun matching the description of the one found in the car. [Doc. No. 41].

In light of the above, Hall's attorney's alleged failure to locate the passenger can hardly be considered ineffective. The attorney's actions were not unreasonable.

### C.        Whether Hall is entitled to a Hearing

Hall requests an evidentiary hearing [Doc. No. 112, p. 12]. Evidentiary hearings on § 2255 motions are not necessary unless the defendant shows some indicia of viable issues in his motion. *United States v. Harrison*, 910 F.3d 824, 826-827 (5th Cir. 2018) (holding that an evidentiary hearing as to a § 2255 motion is not required "if (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as matter of law, even if his factual assertions were true." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that no hearing is necessary as to a § 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief").

The Court finds that Hall has presented nothing showing that there are some viable issues within his motion. Therefore, he will not be granted a hearing.

## IV.    CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Derrick Antonio Hall's ("Hall") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 112] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Hall's request for an evidentiary hearing is **DENIED**.

MONROE, LOUISIANA, this 21st day of December 2021.

TERRY A. DOUGHTY
U.S. DISTRICT JUDGE